IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

STEVE KNOX                                                                                          PETITIONER

V.                                                                        CIVIL ACTION NO. 5:13-CV-241-KHJ

BURL CAIN, Commissioner, Mississippi
    Department of Corrections;
TIMOTHY MORRIS, Mississippi State
    Penitentiary Superintendent; and
LYNN FITCH, Attorney General of the
    State of Mississippi                                                                      RESPONDENTS

_____

**PETITIONER'S MEMORANDUM IN SUPPORT OF
MOTION TO STAY AND HOLD FEDERAL PROCEEDINGS
IN ABEYANCE TO ALLOW PETITIONER TO FILE A
SUCCESSIVE PETITION FOR STATE POST-CONVICTION RELIEF**

_____

Comes now, Petitioner Steve Knox, by and through counsel, filing Memorandum in Support of his Motion to Stay and hold the instant federal proceedings in abeyance in order to allow Petitioner to file a successive petition for State post-conviction relief, stating as follows:

**I. INTRODUCTION**

Petitioner, Steve Knox, was convicted of capital murder in the Circuit Court of Amite County, Mississippi, and sentenced to death. The Mississippi Supreme Court affirmed Petitioner's conviction on direct appeal, *Knox v. State*, 805 So. 2d 527 (Miss. 2002), and denied his initial petition for state post-conviction relief. *Knox v. State*, 901 So. 2d 1257 (Miss. 2005).

Petitioner then filed his Petition for Federal Habeas Corpus Relief. ECF Doc. No. 9. However, prior habeas counsel had identified numerous unexhausted claims had never been

properly presented to, or ruled on, by the State court. Those unexhausted claims were included in the initial Petition. Under these circumstances, this Court granted Petitioner's prior request for a stay based on the holdings in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), and *Grayson v. State*, 118 So.3d 118 (Miss. 2013). These proceedings were held in abeyance, so that Petitioner's unexhausted claims could be presented to the Mississippi Supreme Court by way of a successive petition for state post-conviction relief. *See* ECF Orders No. 44, No. 45, & No. 47 and Petitioner's Stipulation, No. 46.

Petitioner filed his first successive Petition seeking relief under the Mississippi Uniform Post-Conviction Collateral Relief Act ("UPCCRA") in *Knox v. State*, Case No. 2014-DR-00849-SCT. The Mississippi Supreme Court entered an Order on March 10, 2022 denying (by a vote of five-to-four) Petitioner's request for relief. A copy of that Order is attached as **Exhibit A** to Petitioner's Motion to Stay.

After the State court denied relief, Petitioner's counsel promptly notified this Court, and the instant case was reactivated. Newly appointed federal counsel have diligently worked to marshal all relevant evidence, and prepare a comprehensive Amended Petition to be filed with this Court. In the course of this work, counsel located and identified newly discovered documents, information, and evidence in support of his claims which are outlined in the Motion to Stay. Before this new evidence can be included in an amended federal Petition, Petitioner must present the new evidence supporting his claims to the Mississippi Supreme Court by way of a second successive state court petition. Therefore, Petitioner is requesting a second stay of these proceedings. The facts supporting Petitioner's request are further detailed in the Motion to Stay, which is incorporated herein by reference.

## II.  LEGAL ARGUMENTS

A.  **THE TOTAL EXHAUSTION REQUIREMENT FOR ALL CLAIMS.**

In federal habeas proceedings concerning inmates sentenced to death under state law, federal court review is limited to the Record that was created in the state court proceedings. *Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S.Ct. 1388, 1398 (2011). Under this standard, Petitioner is required to take all reasonable steps to develop the Record in State court before presenting his post-conviction claims in federal court. In this case, Petitioner's request for a stay, is necessary to properly develop the State court Record concerning Petitioner's claims for ineffective assistance of trial and post-conviction counsel and for trial counsel's improper waiver of *Batson* claims based on his informal agreement with the district attorney.

In habeas cases, federal courts follow the "total exhaustion" doctrine which requires a petitioner to present all evidence in support of his claims for relief to the appropriate state court for a ruling on the merits before seeking federal habeas relief. In *Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204 (1982) the Supreme Court explained: "[O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: *before you bring any claims to federal court, be sure that you first have taken each one to state court.*" (Emphasis added.)  In *Rose*, the Court held that "... a district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose*, 455 U.S. at 510, 102 S.Ct. at 1199. *Rose*, 455 U.S. at 519, 102 S.Ct. at 1204. The purpose of this rule was summarized: "[F]ederal claims that have been fully exhausted in state courts will more often *be accompanied by a complete factual record to aid the federal courts in*

*their review.*" *Rose*, 455 U.S. 519, 102 S.Ct. at 1203–04 (emphasis added).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was subsequently enacted, and it requires exhaustion of federal claims in state court. 28 U.S.C.A. § 2254(b)(1)(A) (West 2023). The AEDPA also provides: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, *if he has the right under the law of the State to raise, by any available procedure*, the question presented." 28 U.S.C.A. § 2254(c) (West 2023).

A one year statute of limitations for federal habeas claims was included in the AEDPA, and when applied in conjunction with the total exhaustion rule, the practical effect was that federal habeas petitioners in many cases were forced to choose between forfeiting their unexhausted claims or their right to federal habeas review. This harsh result was tempered by the holding in *Rhines v. Weber*, where the Supreme Court explained that district courts have discretion to temporarily stay federal habeas proceedings involving "mixed claims," rather than summarily dismissing the entire federal habeas petition. *Rhines v. Weber*, 544 U.S. 269, 278, 125 S.Ct. 1528, 1535 (2005). This equitable solution was designed to provide petitioners an opportunity to return to the appropriate State courts to exhaust all of their claims, before the claims were presented to the federal courts. *Rhines*, 544 U.S. at 278, 125 S.Ct. at 1535.

In the instant case, the newly discovered evidence set forth in the Motion to Stay directly relates to Petitioner's substantive claims of ineffective assistance of trial and post-conviction counsel, and a substantive violation of *Batson* based on discrimination in the selection of the jury. Therefore, Petitioner respectfully requests that this Court grant a second stay of these proceedings, so that this evidence can be presented to the State Court for consideration on the

merits.

In regard to the recent discovery of the files prepared by Petitioner's trial counsel, Gus Sermos, Petitioner's attorney was previously advised by Mr. Sermos, that his files concerning Mr. Knox were no longer available. **Exhibit B**, Calder Affidavit. These files have now been located by Mr. Sermos, and delivered to current habeas counsel After review current counsel are of the opinion that there is information in these files that is directly relevant to Petitioner's claims of ineffective assistance of trial and post-conviction counsel that must be presented to the State court.

Petitioner's attorneys have also recently discovered voluminous documents prepared in 2010 by the attorneys who represented Mr. Knox in a chancery court proceeding that asserted claims of systemic deficiencies in the staffing and funding provided by the State to the Office of Capital Post-Conviction Counsel (OCPCC). Under the supervision of a prior director, Robert Ryan, the OCPCC was appointed represented Petitioner in his initial state post-conviction proceedings. It was unexpected, and purely fortuitous that Petitioner's current federal counsel, Mr. Levidiotis, was able to locate these investigatory files that were being stored by a Washington, D.C. law firm who represented Mr. Knox at that time of the chancery court proceedings.

These records support Petitioner's unexhausted claim that the OCPCC was so understaffed and underfunded that Petitioner's fundamental due process and equal protection rights to competent court-appointed post-conviction counsel were violated. The staff of the OCPCC were faced with the impossible task of investigating all of the death penalty cases assigned to the Office, and making timely post-conviction filings supported by substantive

evidence, while meeting the rigid scheduling deadlines imposed by the Mississippi Supreme Court. As a result, Petitioner's initial post-conviction counsel completely failed to conduct any independent investigation of Petitioner's claims, and *failed to file any substantive evidence in support of Mr. Knox's initial post-conviction claims.* The information in these newly discovered documents supports this claims of systemic deficiencies in the OCPCC.

At the time of Petitioner's direct appeal, the Mississippi Supreme Court had clearly established that the post-conviction process was an integral part of the appeal process for death penalty cases, and therefore, indigent death-row defendants had a right to court-appointed counsel for post-conviction proceedings. *Jackson v. State*, 732 So. 2d 187, 191 (¶ 12) (Miss. 1999). In addition, the State court had held that in death penalty cases, defendants were entitled to *effective* legal representation by post-conviction counsel. *Grayson v. State*, 118 So. 3d 118, 126 (¶ 14) (Miss. 2013).

In *Grayson* the State court held that claims of ineffectiveness of post-conviction counsel in death penalty cases that result in a substantial violation of constitutional rights could be presented in a successive petition for state post-conviction relief. *Grayson*, 118 So.3d at 126 (¶ 14). The State court has recognized that such claims can overcome the usual procedural bar to successive post-conviction petitions. *Id.*; *see Knox v. State*, 75 So.3d 1030, 1036-37 (¶ 18) (Miss. 2011) (citing cases in which the Court approved applications to file successive motions for post-conviction relief).

Under these circumstances, Petitioner respectfully submits that the newly discovered evidence in sufficient to warrant a temporary stay of these proceedings, so that this evidence can be presented to the State court, and the "total exhaustion" requirement can be satisfied.

## B. LEGAL STANDARDS FOR A STAY OF FEDERAL PROCEEDINGS.

In *Rhines v. Weber*, 544 U.S. 269, 278, 125 S.Ct. 1528, 1535 (2005), the Supreme Court established the standards for staying federal habeas proceedings to allow the exhaustion of state law claims. The Court held that district courts have discretion to grant a stay in appropriate cases, but "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition" if the petitioner had (1) good cause for his failure to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. "In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Rhines*, 544 U.S. at 278, 125 S.Ct. at 1535.

Significantly, the Fifth Circuit has held that when a district court exercises its discretion to grant a stay to allow the exhaustion of state court remedies, that decision is not appealable, as the Court of Appeals has no jurisdiction to review such interlocutory, discretionary orders. *Grace v. Annoy*, 826 F.3d 813, 816 (5th Cir. 2016). The Court concluded: "We join the Eighth and Ninth Circuits and hold that orders granting *Rhines* stays are not appealable collateral orders." Id. at 821.

In *Shined v. Ramirez*, 142 S. Ct. 1718, 1732 (2022), the Supreme Court recently recognized the longstanding practice of federal district courts affording habeas petitioners with unexhausted claims "an opportunity to return to state court to adjudicate the claim." (Citing *Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 71 LED.2d 379 (1982)). This is clearly the common practice in the federal district courts in Mississippi.

This Court has summarized the standards required for a stay of federal habeas proceedings, to allow for presentation of unexhausted claims to the appropriate state court:

> [Mississippi] law is clear, that no matter how slim his chance of success might be, [a capital petitioner] has the right to raise [an unexhausted] claim in state court. *Grayson*, 118 So.3d at 126. It is not within the province of this Court to pre-judge the issues of [post-conviction counsel] ineffectiveness [the petitioner] raises, and there is no question that the Court cannot consider them until they are decided in state court. *See, e.g.*, *Ambrose v. Cain*, Case No. 1:21-CV-302-KHJ, ECF No. 36 (S.D. Miss. Aug. 17, 2022) (Order granting Motion to Stay); *Smith v. Fisher*, Case No. 4:17-CV-87-SA, ECF No. 55 (N.D. Miss. Jan. 2, 2019).

*Ronk v. Cain*, No. 1:19-CV-346-HSO, ECF No. 35 at 2 (S.D. Miss. Feb. 23, 2021).

Under these circumstances, Petitioner respectfully submits that this Court has discretion to stay the instant proceedings for a reasonable time so that Petitioner may present his unexhausted claims to the Mississippi Supreme Court. *See Rhines v. Weber*, 544 U.S. 269, 278, 125 S.Ct. 1528, 1535 (2005).

In *Rhines* the Court explained that the timing of stays should always be reasonable, with the state court successive petition usually being filed "... 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed.'" *Rhines*, 544 U.S. at 278, 125 S.Ct. 1535. This Court can impose such deadlines as a condition of temporarily staying this case.

### C. PETITIONER HAS ESTABLISHED GOOD CAUSE FOR A *RHINE* STAY AS TO HIS POTENTIALLY MERITORIOUS CLAIMS IN A TIMELY MANNER.

The standard for establishing "good cause" for failing to exhaust a claim, so that a stay of proceedings is appropriate, is not as great as that necessary to establish "good cause" in other contexts. *Ruiz v. Quarterman*, 504 F.3d 523, 529 n.17 (5th Cir. 2007). In *Ruiz*, the Fifth Circuit explained that the "good cause" standard established in *Rose* must be interpreted, not in the "technical sense ... [but] in the equitable sense."

This Court addressed the "good cause" issue in *Ambrose v. Cain*, 2022 WL 3499637, at

*2 (S.D. Miss., Civil Action No. 1:21-CV-302-KHJ, Aug. 17, 2022), holding that a state prisoner's claim of ineffective assistance of post-conviction counsel may provide "good cause for a *Rhines* stay." The Court noted that a prisoner must exhaust "... his state court remedies to vindicate his right to effective post-conviction counsel." *Id*. The Court concluded by stating that staying the federal proceedings to allow a successive state court petition "further[ed] the principles of comity, finality, and federalism ..." and allowed the District Court "to preserve its resources in evaluating his federal claims." *Ambrose*, 2022 WL 3499637, at *3.

A similar result was reached in *Carr v. Cain*, 2022 WL 17475772, at *2 (N.D. Miss., Civil Action No. 3:19-CV-274-DMB, December 6, 2022) where the District Court held that the ineffective assistance of post-conviction counsel claim constituted "good cause" for a stay of the federal proceedings. The Court held that "it would be inappropriate for this Court to pass on the merits of the claim[ ] before permitting the state court to do so," and the stay would conserve valuable federal judicial resources. *Carr*, 2022 WL 17475772, at *2.

The issue of whether a claim is "potentially meritorious" was addressed by this Court in *Chamberlin v. Cain*, Civil Action No. 2:11-CV-00072-CWR, ECF Doc. No. 117 (S.D. Miss. June 1, 2022). The Court explained that a *Rhines* stay could be granted if the petitioner's claims were not "plainly meritless." Id. at 4. The *Rhines* decision did not explicitly define this standard, but the Court concluded from a review of other cases that a claim is "plainly meritless" if the case can be "*decided on legal grounds that would not have been impacted by the facts.*" Id. at 3-4. (Emphasis added.) Finally, in *Chamberlin*, the Court noted that since the Petitioner would be represented by the Office of Capital Post Conviction Counsel in the successive petition, there should be no undue delay in presenting the successive petition to the State court. Id. at 4.

In the case at bar, Petitioner seeks to file a successive petition for state post-conviction relief in order to present the State court with material facts that are directly relevant to the issues of the ineffectiveness of trial and post-conviction counsel and the Batson issue. This is newly discovered evidence that Petitioner could not have presented previously. In addition, the DNA testing of the envelope that contained a purported confession to the murder could lead to exculpatory evidence. Petitioner's current attorneys have not previously had access to any of this evidence.

The final requirement for a stay of federal proceedings is that the Petitioner must request the stay in a timely manner, and not for the purpose of undue delay. Petitioner respectfully submits that he has not engaged in dilatory tactics calculated merely for the purpose of delaying these proceedings. In addition, as the Court noted in *Chamberlin*, there will be no undue delay in the presentation of the second successive Petition to the Mississippi Supreme Court, as the current director of the OCPCC has agreed to represent Petitioner in those proceedings. Exhibit C, Declaration of Krissy Nobile.

**D.  SHINN V. RAMIREZ IMPOSED NEW LIMITATIONS ON THE POSSIBILITY OF EVIDENTIARY HEARINGS IN FEDERAL COURT TO DEVELOP NEW EVIDENCE IN SUPPORT OF CLAIMS CHALLENGING STATE LAW CONVICTIONS.**

In *Martinez v. Ryan*, 566 U.S. 1, 14, 132 S.Ct. 1309, 1318 (2012), the Supreme Court held that a claim based on ineffective assistance of post-conviction counsel can be "cause" to forgive procedural default of an ineffective assistance of trial counsel claim, if the State required the prisoner to raise that claim for the first time during state post-conviction proceedings. In applying *Martinez*, there was an argument that new evidence to undermine the state court conviction could be presented in an evidentiary hearing in federal court.

However, a recent holding by the United States Supreme Court has limited that procedure, and heightened the importance of allowing death row petitioners such as Mr. Knox to return to state court to present all evidence supporting his claims seeking to overturn his conviction, so that he can properly exhaust his remedies under state law. In *Shinn v. Ramirez*, 142 S. Ct. 1718, 1728 (2022), the Supreme Court construed 28 U.S.C. § 2254(e)(2) to limit federal evidentiary development under the holding in *Martinez*, whether by a hearing or by the introduction of evidence that was not included in the state court Record concerning ineffective assistance of counsel claims. By restricting evidentiary hearings in federal court, the Court reaffirmed the importance of allowing federal petitioner's to return to state court to seek adjudication of all unexhausted claims by way of successive state court petitions. *Shinn*, 142 S. Ct. at 1732-33 (citing *Rose*, 455 U.S. at 520).

After *Shinn* was decided, numerous district courts have granted *Rhines* stays, so that claims can be properly exhausted in state court. *See, e.g., Granger v. Director*, TDCJ-CID, 2023 WL 2224444, at *26 (E.D. Tex. 2023) (proceedings stayed so petitioner could return to state court and fully exhaust his claim); *Albarati v. Schiebner*, 2022 WL 2161020, at *3 (E.D. Mich. Case No. 22-CV-10139, June 15, 2022) (stay granted to allow exhaustion of ineffective assistance of trial counsel claims); *Cowan v. Cates*, 2022 WL 2719508, at *13 (E.D. Cal. Case No. 1:19-CV-00745-DAD, July 13, 2022) (granting stay under the *Rhines* standards).

### III. CONCLUSION

Petitioner Knox has shown good cause for his failure to exhaust his claims based on the newly-discovered evidence that is summarized in the Motion to Stay, including the recent discovery of trial counsel's files. These files contained an envelope that may have DNA evidence

that could lead to a witness whose confession would be exculpatory for Petitioner. In addition, Petitioner has discovered new evidence based on the investigation conducted in a separate judicial proceeding where Petitioner challenged the systemic deficiencies in the OCPCC. This included the State's inadequate funding and staffing of the Office, so that Petitioner's court-appointed counsel provided ineffective assistance in his initial post-conviction proceedings.

Petitioner Knox respectfully submits that he has not engaged in dilatory tactics in regard to this Motion to Stay, which is being filed after the discovery and review of new evidence from trial counsel's files, and from the files of the attorneys who mounted the chancery court challenge to the systemic deficiencies in the OCPCC, and the information obtained by counsel that his trial attorneys had an improper agreement with the prosecuting attorney to waive Batson issues. These facts have never been presented to, or considered by the Mississippi Supreme Court.

Petitioner's counsel cannot provide competent legal representation to Mr. Knox by filing an Amended Federal Petition that contains both exhausted and unexhausted claims, since the unexhausted claims cannot be considered by this Court. The newly discovered evidence set forth in the Motion to Stay must be presented to the State court in order to exhaust the State court remedies that are available to Petitioner.

Petitioner respectfully submits that he has satisfied the requirements for "good cause" to justify a second stay of these proceedings, based on his claims of ineffective assistance of trial and post-conviction counsel. Petitioner's claims are not "plainly meritless," because these newly discovered facts are clearly relevant to these issues. Petitioner has timely filed this request after his attorneys have reviewed this newly discovered information. The presentation of the successive state petition for post-conviction relief will be accomplished in a timely manner as

Petitioner will be represented by the Office of Capital Post-conviction Counsel. **Exhibit C**, Declaration of Krissy Nobile.

Accordingly, Petitioner respectfully requests that this Court grant a second stay of these proceedings, so that a successive petition for post-conviction relief can be presented to the Mississippi Supreme Court.

WHEREFORE, PREMISES CONSIDERED, Petitioner requests that this Court enter its order staying and abating proceedings on this Petition until thirty (30) days after the Mississippi Supreme Court fully and finally adjudicates Petitioner's Motion for Leave to File a Second Successive Petition for State Post-Conviction Relief.

Respectfully submitted, this the 20th day of March, 2023.

> BY: /s/ David L. Calder
> DAVID L. CALDER, MSB # 7686
> 3330 Whippoorwill Lane
> Oxford, MS 38655
> Phone: (662) 832-1354
> Fax: (866) 474-0923
> E-mail: davidcalder23@gmail.com
>
> S/Thomas C. Levidiotis
> THOMAS C. LEVIDIOTIS, MSB # 9397
> Attorney for Petitioner, Steve Knox
> tomlevidiotis@gmail.com
> tomlevidiotis@outlook.com
> 215 Vivian Street
> Post Office Box 1617
> Oxford, Mississippi 38655
> Phone: (662) 234-1070

**CERTIFICATE OF SERVICE**

      I hereby certify that this day I filed the foregoing motion electronically using the ECF system which provides an electronic copy to all counsel of record, including:

Attorney for the State of Mississippi:
Brad A. Smith
Special Assistant Attorney General
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3680
E-mail: Brad.Smith@ago.ms.gov

      Respectfully submitted, this 20th day of March 2023.

      /s/ David L. Calder
      David L. Calder, MSB #7686