UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

STEVE KNOX                                                                       PETITIONER

V.                                                    CIVIL ACTION NO. 5:13-CV-241-KHJ

BURL CAIN, et al.                                                              RESPONDENTS

ORDER

Petitioner Steve Knox was convicted of capital murder on September 29, 1999. After a direct appeal and initial petition for post-conviction relief in state court, he initiated this federal capital habeas case on June 9, 2005. In 2013, the Court stayed the case pending the resolution of Knox's successive post-conviction petition in the Mississippi Supreme Court, in which he intended to assert claims of ineffective assistance of post-conviction counsel. Order [47].

On July 14, 2022, Petitioner filed his [52] Notice of Termination of Successive Post-Conviction Proceedings, notifying the Court that the Mississippi Supreme Court had denied his successive petition for post-conviction relief on procedural grounds and denied his motion for rehearing. Petitioner then filed motions seeking appointment of counsel. [53], [55]. Accordingly, the Court lifted the stay on the case, appointed counsel, and set deadlines for submission of a proposed budget and the filing of pleadings and briefs. Order [56]. The Court gave Knox until December 12, 2022, to file an Amended Petition, but later granted Petitioner three extensions.

The Amended Petition is currently due today, March 27, 2023. *See* Text Order, March 10, 2023.

On March 20, Knox moved to stay this case, once again, while he pursues another successive petition for post-conviction relief in the Mississippi Supreme Court. Mot. Stay Case [62]. He contends his counsel has discovered new evidence that he could not have previously presented in state court. *Id.* at 2, 10. On March 23, he filed a [64] Fourth Motion for Enlargement of Time to File Amended Petition. He seeks an indefinite extension of time to file his Amended Petition until the Court has addressed his [62] Motion to Stay.

"The point of AEDPA . . . is to require prisoners first to exhaust state court remedies before seeking federal relief . . . ." *Broadnax v. Lumpkin*, 987 F.3d 400, 406 (5th Cir. 2021). Accordingly, a federal habeas petitioner "must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008); 28 U.S.C. § 2254(b)(1)(A). Generally, district courts should dismiss mixed habeas petitions that include both exhausted and unexhausted claims. *Strickland v. Thaler*, 701 F.3d 171, 174 (5th Cir. 2012). But "because exhaustion is based on comity rather than jurisdiction, there is no absolute bar to federal consideration of unexhausted habeas applications." *Id.* A district court may deny a habeas application despite "the failure of the applicant to exhaust the remedies available in the courts of the State." *Id.*

District courts also have discretion to stay a habeas case with a mixed petition to allow the petitioner to present his unexhausted claims to the state court

and later return to federal court for review of the perfected petition. *Rhines v. Weber*, 544 U.S. 269, 274–79 (2005). Such stays should only be available in "limited circumstances," where "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. But "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* Finally, mixed petitions "should not be stayed indefinitely." *Id.* The Court should impose "reasonable time limits" on the trip back to state court, and "condition the stay" on the petitioner pursuing the unexhausted claims in state court within a brief interval of the stay being granted. *Id.* at 278 (quoting *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)).

In summary, "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics," then "the district court should stay, rather than dismiss, the mixed petition." *Id.* If the Court determines that a stay is not merited, it "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Therefore, the Court must first determine whether Knox has any unexhausted claims. Then, the Court must determine whether Knox (1) has established good cause for his failure to exhaust, (2) has established that his claims

3

are potentially meritorious, and (3) has engaged in intentionally dilatory tactics. The Court cannot conduct that analysis required without a petition that sets forth Knox's claims. Accordingly, the Court grants in part and denies in part Knox's [64] Fourth Motion for Enlargement of Time to File Amended Petition. The Amended Petition is due on April 7, 2023. The Court will not allow any additional extensions of time for this deadline.

    SO ORDERED, this the 27th day of March, 2023.

                                                      /s/ *Kristi H. Johnson*
                                                      UNITED STATES DISTRICT JUDGE