UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

STEVE KNOX                                                                                      PETITIONER

V.                                                                 CIVIL ACTION NO. 5:13-CV-241-KHJ

BURL CAIN, et al.                                                                            RESPONDENTS

ORDER

Before the Court is Respondents' [88] Motion to Dismiss. The Court denies the motion.

I. Background

This is a capital habeas case. Knox moved to stay the case so he could exhaust certain claims in a successive, post-conviction petition in state court. [62]. The Court denied that motion and a motion for reconsideration. *See* Order [79]; Mot. for Reconsideration [80]; Order [83]. The Court then ordered Knox to file an amended pleading without his unexhausted claims. [79] at 22; [83] at 11. Knox filed an [85] Amended Petition, which Respondents moved to dismiss. [88].

II. Analysis

Respondents argue for dismissal on two bases: (1) Knox's failure to comply with the Court's Orders; and (2) the procedural bar doctrine. The Court addresses each in turn.

A.  Failure to Comply

First, Respondents argue for dismissal based on Knox's violations of the Court's Orders. Mem. Supp. Mot. [89] at 12–14. In its Orders denying Knox's Motion to Stay and Motion for Reconsideration, the Court directed Knox to "file a Second Amended Petition which omits [the] unexhausted claims," and the Court specifically instructed Knox that he "may not otherwise amend his petition." [79] at 22; [83] at 11. Respondents argue that Knox failed to comply with those Orders because he added about 150 pages of new material, a new claim, and 70 new exhibits to the Amended Petition. [89] at 12–14.

In response, Knox argues that his counsel tried "to track the Successive Second Amended State PCR Petition, so there could be no question about" exhaustion, and that the amendments did not "change the nature or substance" of his claims. Mem. Supp. Resp. [93] at 9. He also argues that his counsel was merely complying with the rule that a habeas petition must "(1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground." Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").

The Court agrees that Knox violated its Orders when he amended his petition beyond simply omitting the unexhausted claims. *See* [79] at 22; [83] at 11. But Respondents cite no authority requiring or permitting this Court to impose a sanction as severe as dismissal in these circumstances, and they do not propose a

lesser sanction. *See* [89] at 12–14. Therefore, the Court declines to dismiss this capital habeas case as a sanction for Knox's failure to follow the Court's Orders.

  B. Procedural Bar

Respondents also argue that Knox's claims are procedurally barred. [89] at 15–18. Special rules govern petitions seeking relief under 28 U.S.C. § 2254. *See* Habeas Rule 1(a). The Habeas Rules supplant the Federal Rules of Civil Procedure to the extent that the Federal Rules of Civil Procedure are "inconsistent with any statutory provisions" or with the Habeas Rules. *See* Habeas Rule 12; Fed. R. Civ. P. 81(a)(4). The Court "does not have to rigidly apply rules which would be inconsistent or inequitable in the overall framework of habeas corpus." Advisory Committee Notes to Habeas Rule 12. Rather, the Court has "discretionary power" to employ its own "judgment in promoting the ends of justice." *Id.*

Habeas Rule 4 provides, in relevant part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

But the Supreme Court and Fifth Circuit have made it clear that "[a] motion to dismiss for failure to state a claim is an inappropriate practice in habeas." *Miramontes v. Driver*, 243 F. App'x 855, 856 (5th Cir. 2007) (citing *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 269 n.14 (1978)); *see also Ndudzi v. Castro*, No. SA-20-CV-492-JKP, 2020 WL 3317107, at *3 n.4 (W.D. Tex. June 18, 2020) (collecting cases). Moreover, this Court has been reticent to summarily dismiss

capital habeas cases before a thorough briefing of the relevant facts and law. *See, e.g.*, *Brown v. Cain*, No. 5:12-CV-91-HSO, 2022 WL 2898918, at *1 (S.D. Miss. July 21, 2022).

Here, Respondents rely on Habeas Rule 4, but their motion is more akin to one under Rule 12(b)(6), which is inappropriate in the habeas context. *Miramontes*, 243 F. App'x at 856. Respondents cite no binding case law supporting summary dismissal under Habeas Rule 4 based on a procedural bar. Likewise, they have not articulated the standard of review the Court must apply under Habeas Rule 4.[1]

Regardless, having examined the Amended Petition and its supporting exhibits, the Court concludes that summary dismissal would be inappropriate here. *See Brown*, 2022 WL 2898918, at *1. "Federal review of the merits of a procedurally-barred claim is permitted . . . where the petitioner is able to demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Garza v. Stephens*, 738 F.3d 669, 675 (5th Cir. 2013) (cleaned up). It does not "plainly appear[] from the petition and any attached exhibits" that Knox will be unable to demonstrate cause and prejudice upon a full briefing of the relevant facts and law. *See* Habeas Rule 4.

III.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES Respondents' [88]

---

[1] *But see Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009) (holding that the "adequacy of a § 2254 petition will be judged on the face of 'the petition and any attached exhibits,'" and likening Rule 4 to Rule 12(b)(6)).

4

Motion to Dismiss, without prejudice to their right to raise the same arguments in their full briefing on Knox's claims.

SO ORDERED, this 2nd day of January, 2024.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE